(46 Misc. Rep. 125)

### HARRIS v. VIENNA ICE CREAM CO.

(Supreme Court, Appellate Term. December 23, 1904.)

1. CORPORATIONS—OFFICERS—AUTHORITY AS AGENTS—EMPLOYMENT OF PHYSICIAN FOR EMPLOYÉS.

    A corporation is not liable for the services of a physician rendered to employés of the corporation at the request of the president and secretary, in the absence of a showing that the contract fell within the purposes of the creation of the corporation, that the officers had authority, or that there was any benefit to the corporation.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Leopold Harris against the Vienna Ice Cream Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Schenkman & Brown, for appellant.
Charles S. Rosenthal, for respondent.

MacLEAN, J. Judgment was rendered herein in favor of the plaintiff, a physician, for professional services rendered to two employés of the defendant, as alleged, "at the special request" of the latter. Granting (also disputed) that the president and the secretary of the company requested the services, and on behalf of the company promised remuneration therefor, the record is without evidence to show that the services rendered were for its benefit or in satisfaction of a claim, if any there might be, against it.

"Persons dealing with the officers of a corporation, or with persons assuming to represent it, are chargeable with notice of the purpose of its creation and its powers, and with the authority, actual or apparent, of its officers or agents with whom they deal." Wilson v. Kings County El. R. R. Co., 114 N. Y. 467, 491, 21 N. E. 1016. The contract presently in suit may not be said to fall within 'the purpose of the creation of the Vienna Ice Cream Company, nor does the evidence disclose corporate benefit, or authority, actual or apparent, in its president or secretary, to obligate it in the particular instance. Cf. Kipp v. East River El. Light Co. (Com. Pl.) 19 N. Y. Supp. 387. Individually liable they might be, but not the corporation whose officers they may be. The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.